UNITED DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHIRLEY I. PARTON**,

    Plaintiff,

vs.                        **Case No. 8:04-CV-2071-T-EAJ**

**JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY**,

    Defendant.
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3) (1994), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying claims for disability insurance and supplemental security income ("SSI") under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 12)

(g); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155,1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233,1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

I.

In her application, Plaintiff alleges an onset of disability beginning March 2, 2001. (T 12) She was fifty-seven years of age at the time of the ALJ's decision.[2] (T 372) Plaintiff has a ninth

---

[2] The ALJ's written decision erroneously stated Plaintiff's age at forty-seven years. (T 12) This is not material to the issues before the court, however. Plaintiff stated her correct age at the hearing (T 372) and the ALJ relied on vocational expert

(9th) grade education and past relevant work experience as a restaurant hostess, stock woman, maid, and delicatessen server. (T 12)

A hearing was held before the ALJ on October 21, 2003. (T 11) The ALJ found that Plaintiff's anxiety, depression, and spinal/hip degenerative arthritis are severe within the meaning of the Regulations, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No.4. (T 14)  The ALJ determined that Plaintiff's allegations regarding her limitations were not totally credible in light of her appearance at the hearing, inconsistent complaints to various physicians, and discrepancies between her assertions and the record.  (T 18)  The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform limited medium duties with a few non-exertional limitations on stressful, complex work.  (T 19) Plaintiff was found capable of lifting 50 pounds occasionally and 25 pounds frequently and of walking, standing and sitting for at least six hours in an eight hour work day.  (T 19)

The ALJ determined that Plaintiff retains the RFC to return to her past work of cleaner and restaurant greeter.  (T 20)  The ALJ found that even if Plaintiff could not perform her relevant past

---

testimony that Plaintiff could return to her former work and, alternatively, other types of work were consistent with her residual functional capacity.  (T 19-20).

work (which the ALJ determined Plaintiff could), there were additional jobs she could perform. (T 20) As a result, the ALJ concluded Plaintiff was not under a disability as defined in the Act. (T 20)

On August 6, 2004, the Appeals Council denied Plaintiff's request for review and allowed the ALJ's decision to stand. (T 2)

Plaintiff argues that the Commissioner erred by adopting the RFC assessments of non-examining state agency physicians and by failing to fully and fairly develop the record.

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff argues that the ALJ erred by failing to fully and fairly develop the record when he adopted the RFC assessments of non-examining state agency physicians. Plaintiff cites much case law in her brief, mostly outside of the Eleventh Circuit, and contends that non-examining physician opinions: (1) should be accorded little weight if the opinions are contrary to opinions of examining physicians (Dkt. 15 at 5, 7); (2) cannot be the sole factor in the ALJ's decision (Id. at 6); and (3) do not constitute substantial evidence. (Id. at 8) The Plaintiff, however, fails to cite facts from the record which demonstrate an error has occurred.

4

"It is well established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).  The ALJ is "not bound by any findings made by State agency medical or psychological consultants."  20 C.F.R. § 404.1527(f)(2)(I).  However, the ALJ "must consider" these findings because state agency consultants are "experts in Social Security disability evaluation."  20 C.F.R. § 404.1527(f)(2)(I). An ALJ does not err by "crediting the reports of non-examining, non-treating physicians. . . . as long as the opinion of the treating physician is accorded proper weight." Jones v. Bowen, 810 F.2d 1001, 1005 (11th Cir. 1986).

The ALJ, in his twelve page opinion, discussed evidence from multiple examining sources.  (T 14-18)  The ALJ found the findings of the examining physicians to be consistent with non-examining physician opinions.  (T 18)  The ALJ stated that while he "does not assign as great a weight to non-examining sources, the State Agency medical consultants' opinions as to 'medium' work capacity . . . are entitled to strong consideration absent other contradiction." (T 18)

Examining physician Roger L. Seagle, M.D. ("Dr. Seagle") identified Plaintiff's range of motion to be adequate or slightly limited. (T 15; T 164)  H.C. Nelson, M.D. ("Dr. Nelson") indicated Plaintiff's arm motion was slow, but she had adequate grasp and dexterity.  (T 16; T 219)  The ALJ determined from these findings

that the Plaintiff's spinal impediment was at worst mild.  (T 15) Stan Zemankiewicz, M.D., Ph.D. ("Dr. Zemankiewicz"), the treating physician administering analgesic injections for Plaintiff's spinal condition, expressed satisfaction with Plaintiff's progress.  (T 15; T 277)  The ALJ also noted that Rene Navarro, M.D., P.A. ("Dr. Navarro"), Dr. Nelson, and Dr. Zemankiewicz did not impose specific or extreme restrictions upon Plaintiff.  (T 17; T 133; T 217; T 277)

The ALJ's review of records provided by Khaja Ahsanuddin, M.D. ("Dr. Ahsanuddin") and Gregory C. Landrum, Psy. D. ("Dr. Landrum") regarding Plaintiff's cognitive function indicated that Plaintiff's intellect was "low average" and that Plaintiff had adequate concentration and attention.  (T 16; T 197; T 222)

The ALJ also made findings regarding Plaintiff's emotional status, noting that most treating therapists diagnosed adjustment disorder, though some sources diagnosed depression.  (T 16)  Drs. Ahsanuddin and Landrum diagnosed anxiety while treating counselors at Winter Haven Hospital, Behavioral Health Division diagnosed depression.   (T 197; T 222; T 290) Because the symptoms of Plaintiff's emotional status were varied, the ALJ determined there was a lack of support for one serious classification of Plaintiff's mental condition.  (T 17) Treating clinicians from Mid Florida Medical Services and Winter Haven Hospital, Behavioral Health

Division, indicated Plaintiff had a global assessment functioning ("GAF") rating from 52 to 63.[3]  (T 294-344; T 284)

As a result of these findings, the ALJ concluded that the examining physicians' evidence did not contradict the state agency medical consultant's opinions and thus adopted these opinions.  (T 18)  The ALJ presented these opinions to the vocational expert who testified that Plaintiff could return to her past relevant light work as housekeeper and restaurant hostess.  (T 400-401)

An ALJ does not err when adopting the opinions of state agency medical consultants when "the opinion of the treating physician[s] [are] accorded proper weight."  Jones, 810 F.2d at 1005.  In this case, the ALJ considered all evidence from treating and examining physicians and concluded that the opinions of the state agency medical consultants were not contradictory.  (T 18)

Plaintiff does not argue that the ALJ erred in his review of the evidence, but instead suggests that in order for the ALJ to meet his duty of developing a full and fair record, he should have

---

[3] A GAF score represents "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders DSM-IV at 30 (4th ed. 1994) [hereinafter DSM-IV]. A GAF score of 51-60 indicates moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with co-workers or peers). DSM-IV at 32. A GAF score of 61-70 indicates mild symptoms (*e.g.*, depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (*e.g.*, occasional truancy, or theft within the household), but generally functioning pretty well, has some meaningful interpersonal relationships. DSM-IV at 32.

requested an RFC opinion from a treating or examining physician instead of adopting the RFC assessments of the non-examining state agency consultants. (Dkt. 15 at 9)

An ALJ is not obligated to obtain additional medical opinion if the record is sufficient for a decision. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999). The Eleventh Circuit, in Holladay v. Bowen, 848 F.2d 1206 (11th Cir. 1988), confronted with a similar argument, found that the lack of requested examination made it impossible for the ALJ to determine with "absolute certainty" that the disability existed. Id. at 1210. However, noting that "absolute certainty" is not required, the court determined that the absence of the information "did not render the ALJ incapable of making an overall disability determination." Id. The record in this case was sufficient for the ALJ to make a determination and included opinions of several examining and treating clinicians.

The reports from multiple examining and treating physicians were available for use in Plaintiff's disability determination. These records consistently reported Plaintiff's mild degenerative spinal condition but did not report that Plaintiff was disabled nor did they place restrictions or limitations upon her. (T 17) Thus, the record was sufficient to determine Plaintiff's disability.

Plaintiff has failed to establish that the decision of the Commissioner must be reversed or remanded.

III.

Accordingly, the decision of the Commissioner denying benefits must be affirmed.

Upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner is **AFFIRMED**; and

(2) The Clerk of the Court shall enter final judgment in accordance with 42 U.S.C. § 405(g) and close the file with each party bearing his own costs and expenses.

**DONE** and **ORDERED** in Tampa, Florida this 6th day of March, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge